# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Thomas L. Taylor III, solely in his capacity as Court-appointed temporary receiver for the Breitling Entities, as defined herein ("Taylor" or the "Receiver"), on the one hand and Scheef & Stone, LLP, Roger Crabb, and Mitch Little (collectively, "Scheef & Stone") on the other hand. The Receiver and Scheef & Stone are collectively referred to herein as the "Parties."

## DEFINTIONS

"Breitling Entities" shall refer to Breitling Oil & Gas Corporation, Breitling Royalties Corporation, Breitling Energy Corporation, Crude Energy, LLC, Crude Royalties, LLC and Patriot Energy, Inc., Breitling Ventures Corporation, Breitling Holdings Corporation, Breitling Operating Corporation, Breitling Energy Companies, Inc., Breitling Royalty Funds, LLC, Inwood Investments, Inc., and Grand Mesa Investments, Inc.

"Enforcement Action" shall refer to the lawsuit styled as No. 3:16-cv-01735-D, *Securities and Exchange Commission v. Faulkner*, in the United States District Court for the Northern District of Texas, Dallas Division.

"Lawsuit" shall refer to the lawsuit styled as Civ. Action No. 3:19-cv-02602-D; *Thomas L. Taylor III, solely in his capacity as Court-appointed temporary receiver for Breitling Energy Corporation, et al. v. Scheef & Stone, LLP, Roger Crabb, and Mitch Little*, in the United States District Court for the Northern District of Texas, Dallas Division.

The "Receivership Court" shall refer to the United States District Court for the Northern District of Texas, Dallas Division, the Honorable Sidney A. Fitzwater presiding.

## RECITALS

1. On June 24, 2016, the United States Securities and Exchange Commission brought suit against certain Breitling entities, CEO Christopher Faulkner, and various other associated persons in the Enforcement Action.

2. In the Enforcement Action, the Court appointed Taylor as temporary receiver over the assets for the Breitling Entities as well as over the assets of Christopher A. Faulkner (collectively "the Breitling Assets"). Taylor has served as the temporary receiver over the Breitling Assets continuously since his appointment and continues to serve in that capacity pursuant to the Third Amended Order Appointing Receiver (ECF No. 496 in the Enforcement Action). On September 3, 2019, the Court granted the Receiver leave to file ancillary litigation as to Scheef & Stone.

3. On November 1, 2019, the Receiver initiated the Lawsuit against Scheef & Stone. In the Lawsuit, in his First Amended Complaint filed on December 18, 2019, the Receiver asserted claims against Scheef & Stone for Count I: negligence/gross negligence, Count II: participation in breach of fiduciary duties, Count III: aiding, abetting, or participation in fraudulent scheme, and

Count IV: avoidance of fraudulent transfers related to legal services provided by Scheef & Stone to the Breitling Entities. Scheef & Stone moved to dismiss all claims under Federal Rule 12(b). In its Memorandum Opinion and Order dated July 31, 2020, the Court dismissed the Receiver's causes of action under Count I, Count III, and Count IV and granted the Receiver leave to replead. In the Receiver's Second Amended Complaint filed in the Lawsuit on August 28, 2020, the Receiver asserted causes of action against Scheef & Stone for Count I: negligence/gross negligence and Count II: participation in breach of fiduciary duties and noted the other causes of action as dismissed.

4.   Scheef & Stone deny they breached any duty owed to Breitling, deny they knowingly participated in any breach of fiduciary duty, deny any wrongful conduct of any kind or character, dispute that their conduct was to in any way a cause of damages to Breitling, and dispute all claims and alleged damages brought against them by the Receiver. Scheef & Stone enter this Agreement solely to avoid the expense, inconvenience, and uncertainty of further litigation.

5.   The Parties desire to dispose of any and all disputes, including without limitation the Lawsuit, between or among them.

## TERMS OF AGREEMENT

For and in consideration of the mutual promises contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, the Parties agree as follows:

**1.   Payment to the Receiver.**

Scheef & Stone's insurance carrier, on behalf of Scheef & Stone, agrees to pay the Receiver a sum of THREE MILLION AND NO/100 DOLLARS ($3,000,000.00) (the "Settlement Payment") within 30 days after the Receivership Court approves the terms of settlement set forth in this Agreement.

**2.   Mutual Releases.**

Upon receipt by the Receiver of the Settlement Payment following Court approval of this Agreement, the following Releases will become operative. In consideration of the agreements described herein and other good and valuable consideration, the Receiver, on behalf of the Breitling Entities and including all of their officers, directors, owners, shareholders, members, managers, principals, partners, associates, employees, contractors, attorneys, servants, agents, and representatives, and their predecessor or successor companies, and their predecessors or successors in business and interest, and any other person or entity that could assert a claim by, through or under the Receiver, or a claim that is in any way derivative of the Receiver's interests (hereinafter collectively referred to in this paragraph as the "Receiver Releasing Parties") agree to FULLY AND COMPLETELY RELEASE AND FOREVER DISCHARGE Scheef & Stone and their officers, directors, shareholders, partners, attorneys (including, without limitation, Roger Crabb and Mitch Little), associates, employees, contractors, servants, agents, and representatives, and their predecessor or successor companies, predecessors or successors in business and interest, and their insurers, including, without limitation, Continental Casualty Company, and their attorneys,

including, without limitation, Cobb Martinez Woodward, PLLC, Daniel D. Tostrud and Lindsey K. Wyrick (hereinafter collectively referred to in this paragraph as the "Scheef & Stone Released Parties") from any and all claims, debts, demands, actions, causes of action, lawsuits, sums of money, contracts, agreements, judgments, and/or liabilities whatsoever, both at law and in equity, that the Receiver Releasing Parties ever had, now have, or may hereafter have against the Scheef & Stone Released Parties pertaining to, or arising directly or indirectly from or related in any way to the claims in the Lawsuit, or the conduct at issue in the Lawsuit, or any other claims that the Receiver Releasing Parties may have against the Scheef & Stone Released Parties related to any conduct of the Scheef & Stone Released Parties that took place prior to the effective date of this Agreement, whether known or unknown.

In consideration of the agreements described herein and other good and valuable consideration, Scheef & Stone, Roger Crabb and Mitch Little and including all of Scheef & Stone's officers, directors, owners, shareholders, members, managers, principals, partners, associates, employees, contractors, attorneys, servants, agents, and representatives, and their predecessor or successor companies, and their predecessors or successors in business and interest, and any other person or entity that could assert a claim by, through or under Scheef & Stone, Roger Crabb or Mitch Little (hereinafter collectively referred to in this paragraph as the "Scheef & Stone Releasing Parties") agree to FULLY AND COMPLETELY RELEASE AND FOREVER DISCHARGE the Receiver Thomas L. Taylor III, in his individual capacity and in his capacity as the Receiver for the Breitling Entities, the Breitling Entities and their respective employees, contractors, servants, agents, and representatives, and their predecessor or successor companies, predecessors or successors in business and interest, including, without limitation, the Receiver's attorneys, including, without limitation, Castillo Snyder P.C., Edward C. Snyder and Jesse R. Castillo (hereinafter collectively referred to in this paragraph as the "Receiver Released Parties") from any and all claims, debts, demands, actions, causes of action, lawsuits, sums of money, contracts, agreements, judgments, and/or liabilities whatsoever, both at law and in equity, that the Scheef & Stone Releasing Parties ever had, now have, or may hereafter have against the Receiver Released Parties pertaining to, or arising directly or indirectly from or related in any way to the claims in the Lawsuit, or the conduct at issue in the Lawsuit, or any other claims that the Scheef & Stone Releasing Parties may have against the Receiver Released Parties related to any conduct of the Receiver Released Parties that took place prior to the effective date of this Agreement, whether known or unknown.

### 3.   Receivership Court Approval

This Agreement is subject to approval by the Receivership Court and shall not be effective until the Receivership Court approves the terms of settlement reflected herein.

### 4.   Dismissal of Lawsuit.

Within 10 days of receipt of the Settlement Payment, the Receiver will move to dismiss with prejudice the Lawsuit against Scheef & Stone.

**5.      No Further Claims or Proceedings.**

The Receiver covenants and agrees not to assert any other or further claims against Scheef & Stone of any kind, in any forum, arising from or related to the claims asserted in the Lawsuit, save and except for any breach of this Agreement.

**6.      Attorney's Fees, Expenses and Court Costs.**

It is agreed that the Parties hereto shall pay their own attorney's fees, expenses and taxable court costs regarding this Agreement and the underlying dispute between them that is resolved by this Agreement.

**7.      No Admission of Liability.**

It is understood and agreed that this Agreement is a compromise of disputed claims, and that nothing contained herein shall be deemed to be or construed as an admission of liability by or on behalf of Scheef & Stone, all such liability being expressly denied by Scheef & Stone. .

REPRESENTATIONS AND WARRANTIES

**8.      Representation and Warranty of Ownership of Released Claims.**

The Receiver represents and warrants that he is the sole owner of the claims purported to be released herein, and that he has not transferred, sold, assigned, conveyed, subrogated, or otherwise encumbered those claims or any part thereof, other than any contingency fee agreement with its lawyers.

**9.      Representation and Warranty of Knowledge and Investigation.**

The Parties represent and warrant that they have made a full and complete investigation of the circumstances surrounding this matter, aided by the attorneys of their choice, and that they have full knowledge of all facts involved.

**10.     Representation of Comprehension of Document by the Parties.**

The Parties represent that they have carefully read this Agreement, that they know and understand its contents completely, that they have consulted with their own attorneys regarding it, and that they are executing the Agreement of their own free will, act and deed.

**11.     Representation and Warranty of Finality of Settlement.**

The Parties represent and warrant that this is a full, final, and complete settlement.

GENERAL PROVISIONS

**12.     Reliance on Counsel.**

The Parties agree that no representations have been made by any other party or by the attorney for any other party inducing the making of this Agreement, other than as set forth herein, and that the Parties rely entirely upon their own judgment and the advice of their own attorneys in making this Agreement.

**13.     Inducement.**

The Parties acknowledge and agree that the other party has entered into this Agreement in reliance upon each of the representations, warranties and agreements made in this Agreement.

**14.     Intention of the Parties.**

It is the intent of the Parties to resolve completely, fully, and finally all issues and disputes existing among the Parties relating to the Lawsuit, or the conduct at issue in the Lawsuit, or any other claims that the Parties may have against the other related to any conduct that took place prior to the effective date of this Agreement, whether now known or unknown, whether matured or unmatured, and whether fixed or contingent, of any type or kind, except those expressly provided for in this Agreement, and this Agreement should be construed broadly to accomplish this purpose and intent.

**15.     Severability.**

In the event any one or more of the provisions contained in this Agreement shall be determined by a court with jurisdiction over this Agreement to be invalid or unenforceable in any respect, such determination shall not affect any other provision, and this Agreement shall be enforced as if such provision did not exist.

**16.     Governing Law.**

This Agreement is entered into in the State of Texas and shall be governed by and construed in accordance with the laws of the State of Texas in all respects, including matters of construction, validity, enforcement and interpretation, with venue of any dispute hereunder lying solely and exclusively in the United States District Court for the Northern District of Texas.

**17.     Entire Agreement.**

This Agreement contains the entire agreement between the Parties.

**18.    Successors Bound by Agreement.**

This Agreement shall be binding upon, and inure to the benefit of the executors, administrators, heirs, personal representatives, successors and assigns of the Parties.

**19.    Counterpart Signatures.**

This Agreement may be signed in counterparts, and each executed copy shall be a counterpart original, with full force and effect, and enforceable against the Parties executing same.

**20.    Effectiveness.**

This Agreement shall become effective upon execution by the Parties.

**21.    Terms Contractual.**

The terms of this Agreement are contractual and are not mere recitals.

**IN WITNESS WHEREOF,** we have set our hands on the dates indicated below.

By: _____
Thomas L. Taylor III, solely in his capacity as Court-appointed temporary receiver for Breitling Oil & Gas Corporation, Breitling Royalties Corporation, Breitling Energy Corporation, Crude Energy, LLC, Crude Royalties, LLC and Patriot Energy, Inc.

Dated: Nov. 23, 2020

## ACKNOWLEDGEMENT

STATE OF TEXAS §
 §
COUNTY OF Harris §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Thomas L. Taylor III, solely in his capacity as Court-appointed temporary receiver for Breitling Oil & Gas Corporation, Breitling Royalties Corporation, Breitling Energy Corporation, Crude Energy, LLC, Crude Royalties, LLC and Patriot Energy, Inc., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he is authorized to execute this document in his capacity as Court-appointed temporary receiver for Breitling Oil & Gas Corporation, Breitling Royalties Corporation, Breitling Energy Corporation, Crude Energy, LLC, Crude Royalties, LLC and Patriot Energy, Inc., and that he has executed the same in such capacity for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 23rd day of ~~October~~ November, 2020.


Kelly Ann Cornelison
My Commission Expires
10/25/2022
ID No. 128187460

_____
Notary Public, in and for the State of Texas

My Commission Expires:

10/25/2022

By: _____
Mitch Little

Dated: _November 30, 2020_____

## ACKNOWLEDGEMENT

STATE OF TEXAS      §
                    §
COUNTY OF _Collin_  §

    BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Mitch Little, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has executed this document in his individual capacity for the purposes and consideration therein expressed.

    **GIVEN UNDER MY HAND AND SEAL OF OFFICE**, this _30th_ day of October, 2020.



_____
Notary Public, in and for the State of Texas

My Commission Expires:

_9-28-2022_

By: _____
Roger Crabb

Dated: **Dec. 1, 2020**

## ACKNOWLEDGEMENT

**STATE OF TEXAS**           §
                             §
**COUNTY OF DALLAS**         §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Roger Crabb, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has executed this document in his individual capacity for the purposes and consideration therein expressed.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE**, this 1st day of ~~October~~ December, 2020.

[Notary Seal: LORETTA S FORBEY, Notary Public, State of Texas, Comm. Expires 01-19-2021, Notary ID 12517043-8]

_____
Notary Public, in and for the State of Texas

My Commission Expires:

01-19-2021

Scheef & Stone, L.L.P.

By: _____
   Brad Whitlock  , Authorized
Representative of Scheef & Stone, L.L.P.

Dated: December 3, 2020

## ACKNOWLEDGEMENT

STATE OF TEXAS           §
                         §
COUNTY OF DALLAS         §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Brad Whitlock, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he is a duly authorized representative of Scheef & Stone, L.L.P., that he is authorized to execute this document on behalf of Scheef & Stone, L.L.P., and that he has executed the same as the act of such entity for the purposes and consideration therein expressed.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE**, this 3d day of ~~October~~ December, 2020.

REBEKAH STEELY BROOKER
Notary Public, State of Texas
Comm. Expires 01-11-2021
Notary ID 125162697

_____
Notary Public, in and for the State of Texas

My Commission Expires:

January 11, 2021

APPROVED AS TO FORM:

_____
EDWARD C. SNYDER
State Bar No. 791699
esnyder@cobbmartinez.com
JESSE R. CASTILLO
Texas Bar No. 03986600
jcastillo@cobbmartinez.com

CASTILLO SNYDER, P.C.
700 N. St. Mary's, Suite 1560
San Antonio, Texas 78205
(210) 630-4200 (Telephone)
(210) 630-4210 (Fax)

**COUNSEL FOR PLAINTIFF**

_____
DANIEL D. TOSTRUD
State Bar No. 20146160
dtostrud@cobbmartinez.com
LINDSEY K. WYRICK
Texas Bar No. 24063957
lwyrick@cobbmartinez.com

COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 (Telephone)
(214) 220-5299 (Fax)

**COUNSEL FOR DEFENDANTS**